857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WILLIAMS INDUSTRIES, INCORPORATED, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-2630.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 5, 1988.
Decided: Sept. 6, 1988.
 
 Charles J. Ware (Philip C. Jones, on brief), for appellant.
 Janet A. Bradley (William S. Rose, Jr., Assistant Attorney General, Gary R. Allen, William S. Estabrook, Tax Division, Department of Justice; Henry E. Hudson, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and MURNAGHAN and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Williams Industries, Inc. (the taxpayer) sued the United States for a tax refund and abatement of assessments of $34,046.86 and $65,416.18 for federal employment taxes withheld from the wages of employees of Laugro Company Corporation (Laugro) for the fourth quarter of 1981 and the first quarter of 1982, respectively.[1] The government counterclaimed to reduce the assessment to judgment. The district court gave summary judgment for the government as to liability, and, after a bench trial entered judgment for $83,770.53 with interest from July 9, 1987.
 
 
 2
 The taxpayer appeals both the issue of its liability for the tax, and, if its liability is upheld, its additional liability for penalties. We affirm.
 
 I.
 
 3
 The taxpayer's liability for the taxes depends upon a determination of whether it was a "responsible person" under 26 U.S.C. Sec. 6672 with respect to the payroll taxes withheld from the wages of employees of Laugro and not paid over to the government. The district court found that taxpayer was a "responsible person" in this regard and we deem this finding not clearly erroneous. There is no genuine dispute as to the facts supporting this conclusion and summary judgment as to liability was properly entered.
 
 
 4
 Taxpayer is engaged in the business of providing management and financial services to effect corporate turn arounds, specializing in the construction industry. It resurrects failing enterprises by providing prudent financial management in exchange for stock in the financially troubled operating company.
 
 
 5
 Laugro was experiencing financial difficulties in the early part of 1981. On March 31, 1981, taxpayer agreed with Laugro to raise capital for the latter and provide financial consultation in exchange for 30% of Laugro's stock and control over 2 of the 5 seats on Laugro's board of directors. Taxpayer thereafter hired an accountant for Laugro and had financial statements prepared, and negotiated reduced payment plans on corporate debts with Laugro's creditors, including the Internal Revenue Service for Laugro's then delinquent withholding tax liability, and Laugro's principal secured creditor. Taxpayer caused payments to be made to all of these creditors and lent Laugro funds to keep it afloat. Further it required repayments to it as a condition of continued financing. Finally, during the fourth quarter of 1981 taxpayer opened a joint bank account with Laugro, subject only to their joint order, into which all of Laugro's receipts were to be deposited. In a letter dated January 12, 1982, taxpayer represented to one of Laugro's creditors that it was "actively involved in the day-to-day financial affairs of [Laugro]."
 
 
 6
 Thus we think that factually and legally the conclusion that taxpayer was a "responsible person" is unassailable.
 
 II.
 
 7
 The correctness of assessing taxpayer with penalties turns upon whether its failure to pay or to cause Laugro to pay over federal employment taxes withheld from the wages of Laugro's employees was willful. We think that the record establishes that taxpayer acted willfully. It was familiar with Laugro's financial affairs and it had exercised control over them. It caused Laugro to pay other creditors and it knew that Laugro was deficient in paying over withheld taxes in the past. Even if it lacked specific knowledge of Laugro's failure to pay over for the two quarters in issue, its reckless disregard for whether the withholding taxes were being paid satisfies the willfulness requirement.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Taxpayer did not contest its liability for periods subsequent to the first quarter of 1982